UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGMA LITHIUM CORPORATION,<br>      Plaintiff,<br>v.<br>CALVYN GARDNER, et al.,<br>      Defendants. | 23-CV-7403 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

  On May 2, 2024, Defendants moved to dismiss for lack of personal jurisdiction and under the doctrine of *forum non conveniens*. *See* ECF No. 36. An order issued on May 3, 2024, adjourned the initial pretrial conference in this matter to June 7, 2024. *See* ECF No. 42. On May 10, 2024, Defendants filed a letter motion seeking a stay of discovery pending resolution of their motion to dismiss. *See* ECF No. 43. On May 24, 2024, the parties filed a joint status letter and proposed case management plan, in the event that Defendants' motion to stay discovery would not be granted, pursuant to the May 3 order. *See* ECF No. 60.

  It is hereby **ORDERED** that Defendants' request for a stay of discovery pending resolution of their motion is **GRANTED**. District courts may stay discovery during the pendency of a motion to dismiss "for good cause." Fed. R. Civ. P. 26(c). "In deciding whether to grant a stay, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Boelter v. Hearst Comm'ns Inc.*, No. 15 Civ. 3934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (internal quotation marks omitted). Although the Court does not predict the outcome of Defendants' motion, an initial review of the arguments presented in support suggest that the motion is not frivolous. It also is noteworthy that the arguments in favor of dismissal—the alleged lack of personal jurisdiction and the doctrine of *forum non conveniens*—raise threshold issues about where this

case will be litigated, supporting a stay. *See Renois v. WVMF Funding, LLC*, No. 20 Civ. 9281, 2021 WL 1721818, at *1-2 (S.D.N.Y. Apr. 30, 2021) (finding that a stay pending resolution of a jurisdictional motion to dismiss was appropriate, but not one based on failure to state a claim or venue, because jurisdiction was a case-dispositive threshold issue). The motion, if meritorious, also points to an alternate forum in Brazil, which has discovery rules which likely differ materially from those applicable in this District. This counsels in favor of waiting until the motion is decided before compelling the parties to engage in liberal U.S.-style discovery. *See Lu v. Cheer Holding, Inc.*, No. 24 Civ. 459, 2023 WL 1718821, at *3 (S.D.N.Y. Apr. 19, 2024). It also makes the burden of responding to discovery potentially disproportionate, if the case will be ultimately litigated in a forum with more limited discovery. Finally, Plaintiff does not articulate any prejudice that will result from further delaying discovery pending resolution of Defendants' motion to dismiss, referring only in a conclusory fashion to the ongoing injury due to delay and Defendants' alleged use of Plaintiff's confidential information. This does not provide a compelling argument regarding specific harm from waiting for the adjudication of Defendants' motion, which is already fully briefed.

It is hereby **ORDERED** that the initial pretrial conference is **ADJOURNED**, pending resolution of Defendants' motion to dismiss.

The Clerk of Court is respectfully directed to close the motion at ECF No. 43.

SO ORDERED.

Dated: June 4, 2024
New York, New York

_____
DALE E. HO
United States District Judge