UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGMA LITHIUM CORPORATION,<br><br>                              Plaintiff,<br><br>v.<br><br>CALVYN GARDNER and LUIZA VALIM,<br><br>                              Defendants. | 23 Civ. 7403 (DEH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiff Sigma Lithium Corporation ("Sigma") brings this action against Defendants Calvyn Gardner ("Gardner") and Luiza Valim ("Valim") for conversion and theft of trade secrets, and against Defendant Valim for violations of the Computer Fraud and Abuse Act. *See* Compl. ¶ 11. Before the Court are two motions to seal underlying materials submitted in connection with Defendants' Motion to Dismiss. *See* Pl.'s Mot. to Seal, ECF No. 44; Defs.' Mot. to Seal, ECF No. 56. For the reasons set forth below, the Motions to Seal are **DENIED**.

## DISCUSSION

The Court assumes the parties' familiarity with the facts alleged in the Complaint.

Plaintiff asks to seal three exhibits attached to the Declaration of Michael B. Carlinsky in opposition to the Motion to Dismiss: Exhibits 3 and 4, which consist of emails between Sigma executives discussing the M&A process, and Exhibit 5, which consists of the agreement between Sigma and Bank of America. *See* Pl.'s Mot. to Seal. Plaintiff also seeks to redact specific portions of its Opposition and the Declaration of Marina Bernardini that discuss those materials. *See id.* at 3.

In assessing whether sealing is appropriate, the Court considers (1) whether the documents at issue are "judicial documents"; (2) if so, the weight of the presumption of public

access attaching to any such document; and (3) whether any countervailing factors outweigh the right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Here, first, there is no question that documents submitted in opposition to a motion to dismiss are judicial documents "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Second, the presumption of public access is strong because the documents were submitted in connection with a motion to dismiss. *See Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022) (describing "strong presumption" of access to "materials filed in connection with dispositive motions"). Third, the Court asks whether that strong presumption is overcome by higher values. *See Lugosch*, 435 F.3d at 126. Because Plaintiff's requests are not narrowly tailored, the answer is no.

Plaintiff argues that Exhibits 3, 4, and 5 should be sealed because they "are part of the record of an ongoing confidential M&A process," which "will be harmed if the documents are made public." Pl.'s Mot. to Seal at 2. Plaintiff also seeks to seal Exhibit 5 because it "contains the terms of the agreement between Sigma and the Financial Advisor, including the confidential transaction fee schedule and the Financial Advisor's business methodology," which also "implicates the privacy interests" of a third party. *Id.* Plaintiff points to several cases in this District holding that the interest in maintaining the confidentiality of proprietary business information outweighs the right of public access to judicial documents. *See id.* In those cases, however, the courts allowed the redaction of specific pieces of information, not entire documents. *See SEC v. Telegram Grp.*, No. 19 Civ. 9439, 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) (granting in part and denying in part specific redactions); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (granting in part and denying in part redactions consisting of "names and addresses of third

2

parties; specific figures relating to profit margins, costs, revenues, pricing, and number of placements of products; and specific contract provisions addressing exclusivity arrangements, profit sharing details, pricing of contracts with retailers or CPGs, payment terms, and retailer commissions"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14 Civ. 1308, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting in part the sealing of "a very narrow portion of [the defendant's] summary judgment briefing, which references confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing").

Here, Plaintiff does not propose redactions but rather seeks to seal the entirety of Exhibits 3, 4, and 5. The vast majority of the information in those exhibits does not appear to be the kind of proprietary business information that needs to be kept confidential. Indeed, the only *specific* confidential information Plaintiff points to in those documents is the Financial Advisor's transaction fee schedule. *See* Pl.'s Mot. to Seal at 2. Because Plaintiff's request to seal these exhibits in their entirety is not narrowly tailored to the higher interests Plaintiff seeks to invoke, it is denied. *See Lugosch*, 435 F.3d at 126.

The Court next considers Plaintiff's request to redact those portions of its Opposition and the Bernardini Declaration that reference Exhibits 3, 4, and 5. As an initial matter, much of this request now appears to be moot. Because Defendants referenced that same information in their Reply, Defendants also requested leave to file their Reply in redacted form. *See* Def.'s Mot. to Seal, ECF No. 56. Pursuant to Rule 6(d)(i) of the Court's Individual Rules, Defendants notified Plaintiff that it had three business days to submit a letter to the Court explaining the need for the Reply to remain redacted. *Id.* Plaintiff did not file any such letter. Accordingly, after more than three business days had elapsed, Defendants filed the unredacted version of their Reply on the public docket. *See* ECF No. 61. Defendants' redaction request is therefore moot, and because

most of the information that Plaintiff requested to redact from is opposition papers is now publicly available, Plaintiff's redaction request is largely moot as well. *See Grossberg v. Fox Corp.*, No. 23 Civ. 2368, 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) (denying sealing because "the cat is now firmly out of the bag").

Nevertheless, the Court is open to considering specific, narrowly tailored redactions to Exhibits 3, 4, and 5, as well as the redaction of any material in Plaintiff's opposition papers that (1) *specifically* references the information requested to be redacted and (2) has not already been made public in Defendants' Reply. Any such request shall be supported by citation to authority granting the redaction of similar information. In light of the pending request to withdraw as counsel, *see* ECF No. 66, Plaintiff's counsel is directed to confer with Plaintiff and file a letter by **April 7, 2025** indicating whether Plaintiff intends to propose such redactions and, if so, whether Plaintiff's counsel is willing to continue representing Plaintiff for the limited purpose of resolving the redaction requests. The Court will maintain the documents temporarily under seal until Plaintiff has had an opportunity to propose more narrowly tailored redactions and the Court has resolved any such requests.

## CONCLUSION

The Clerk of Court is respectfully requested to terminate ECF Nos. 44 and 56.

Counsel for Sigma is directed to serve a copy of this Opinion and Order on Sigma within three business days of the date of this Order and to file proof of service on the docket within two

business days of such service.

    SO ORDERED.

Dated: March 31, 2025

    New York, New York

_/s/ Dale E. Ho_
DALE E. HO
United States District Judge

5